**No. 47864.**—Protest 51830–K of Ernst Bremermann & Co. (New York).

Opinion by Ekwall, J. In accordance with stipulation of counsel and on the authority of *Peat Import Corp.* v. *United States* (4 Cust. Ct. 181, C. D. 319) the claim for free entry under paragraph 1685 was sustained.

**No. 47865.**—Protests 41518–K, etc., of N. S. Meyer, Inc. (New York).

Opinion by Ekwall, J. In accordance with stipulation of counsel that the merchandise in question consists of woven fabrics wholly or in chief value of any of the fabrics provided for in paragraph 385 and is similar in all material respects to the merchandise the subject of *Meyer* v. *United States* (6 Cust. Ct. 191, C. D. 459) the claim under paragraph 385 and T. D. 48316 was sustained.

BEFORE THE SECOND DIVISION, JANUARY 1, 1943.

**No. 47866.**—Protest 817023–G of W. T. Grant Co. (New York).

Opinion by Kincheloe, J. In accordance with stipulation of counsel merchandise described as "Cocoa Door Mats," similar to that the subject of *United States* v. *Penn* (27 C. C. P. A. 242, C. A. D. 93), was held dutiable as claimed.

**No. 47867.**—Protests 10628–K, etc., of Absorbo Beer Pad Co., Inc. (New York).

Opinion by Kincheloe, J. It was stipulated between counsel that the involved merchandise is not plate finished, supercalendered or friction calendered, laminated by means of an adhesive substance, coated, surface-stained or dyed, lined or vat-lined. In accordance with said stipulation and the record in *Absorbo Beer Pad Co.* v. *United States* (30 C. C. P. A. 24, C. A. D. 209), which was incorporated in the case at bar, the pulpboard in question was found to be not embossed, decorated, or ornamented in any manner, and therefore held dutiable at 10 percent under paragraph 1402 as claimed.

BEFORE THE FIRST DIVISION, JANUARY 2, 1943

**No. 47868.**—Protests 22305–K, etc., of Pacific Customs Brokerage Co. (Portland, Maine).

Opinion by Walker, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that

the tax imposed should have been assessed on the basis of the condition in which the lumber was imported and that no addition should have been made for planing, tonguing, and/or grooving. Protests sustained to that extent.

**No. 47869.**—Protests 50909–K, etc., of W. F. Mackay (Pembina).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which the lumber was imported and that no addition should have been made for planing, tonguing, and/or grooving. Protests sustained to that extent.

**No. 47870.**—Protests 56782–K, etc., of Union Brokerage Co. (Pembina).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which the lumber was imported and that no addition should have been made for planing, tonguing, and/or grooving. Protests sustained to that extent.

BEFORE THE SECOND DIVISION, JANUARY 2, 1943

**No. 47871.**—Protest 84414–K of American Merchandise Co., Inc. (New York).

Opinion by TILSON, J. In accordance with stipulation of counsel and on the authority of Abstract 43372 the claim that the tape measures in question are dutiable as household utensils at 40 percent under paragraph 339 was sustained.

**No. 47872.**—Protests 818972–G, etc., of E. B. Baehr & Sons (New York).

Opinion by TILSON, J. In accordance with stipulation of counsel and on the authority of Abstract 41633 the claim at 40 percent under paragraph 339 as household utensils was sustained.

**No. 47873.**—Protest 946055–G of New York Mdse. Co., Inc. (New York).

Opinion by TILSON, J. In accordance with stipulation of counsel and on the authority of *New York Merchandise Co.* v. *United States* (8 Cust. Ct. 209, C. D. 607), the claim at 35 percent under paragraph 353 was sustained as to the brass shells in question. Tape measures stipulated to be articles chiefly used in the household for utilitarian purposes, and similar to those the subject of Abstract 43372, were held dutiable at 40 percent under paragraph 339 as claimed.